IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2014

**TRAVIS F. CHAPMAN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County
No. C-13-116     Roy B. Morgan, Jr., Judge**

**No. W2013-02059-CCA-R3-PC  -  Filed November 18, 2014**

Petitioner, Travis F. Chapman, pled guilty to attempted second degree murder and was sentenced to twelve years in incarceration as a Range I, Standard Offender. Petitioner timely filed a petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that his guilty plea was unknowing and involuntary. The post-conviction court denied relief, finding that Petitioner failed to prove his claims by clear and convincing evidence. After a review of the record and applicable authorities, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

G.W. Sherrod III, Henderson, Tennessee, for the petitioner, Travis F. Chapman.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jerry Woodall, District Attorney General; Jody S. Pickens, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner pled guilty to attempted second degree murder on May 16, 2012, for an incident that occurred during a bar fight. In exchange, he received a twelve-year sentence

to be served in incarceration as a Range I, Standard Offender.[1] On April 30, 2013, Petitioner filed a timely petition for post-conviction relief. In the petition, he alleged that he received ineffective assistance of counsel and that his guilty plea was unknowing and involuntary.

The post-conviction court held a hearing on the petition. During the hearing, trial counsel testified that she was retained to represent Petitioner. Petitioner's case was her first Class A felony case. Trial counsel recalled meeting with Petitioner's mother several times before the indictment, speaking with multiple witnesses in preparation for trial, and researching the charges against Petitioner. Trial counsel explained that the victim and at least one other witness were able to identify Petitioner as the perpetrator.

Trial counsel testified she met with Petitioner on several occasions at the jail and made a formal offer to the District Attorney to get the charges reduced. Trial counsel assisted the State in attempting to locate the co-defendant. Trial counsel did so with the hope that the State would be willing to offer a plea agreement to her client. Trial counsel explained that the initial plea offer was much more than twelve years but that she eventually negotiated the twelve-year sentence with the State.

Trial counsel reviewed the plea agreement with Petitioner prior to the entry of the plea. Trial counsel testified that she not only explained the charges to Petitioner but explained the range of sentences for the indicted offenses as well as all lesser included offenses. Counsel for the State filled out the plea petition. Trial counsel explained to Petitioner that, even though the plea petition indicated the range of punishment was eight to thirty years, a thirty-year sentence would be reserved for a career offender. Trial counsel explained to Petitioner that he would ordinarily be classified as a Range II offender because he had at least two prior felonies, but the plea agreement allowed him to be sentenced as a Range I offender. Her notes reflected that she informed Petitioner that his range of punishment was eight to twelve years.

Trial counsel did not find that a request for psychological evaluation was necessary as Petitioner seemed intelligent and was helpful in preparing his defense. Trial counsel even recalled that Petitioner performed some of his own legal research in preparation for trial. On one occasion, however, Petitioner complained that he did not "get it" so trial counsel spent an extended amount of time with him in order to ensure his understanding of the issue. Petitioner did not understand why the co-defendant could not be located prior to trial.

---

[1] Petitioner was originally indicted for attempted first degree murder. Additionally, Petitioner was charged with aggravated assault in "Count 2." At the plea submission hearing, Counts "1" and "2" were merged by the trial court.

Petitioner testified that he met with trial counsel in early 2012 and visited with her two or three times at the jail for a few hours each time. Petitioner provided trial counsel with information about the case but "threw in the towel" because trial counsel could not remember the names of all the potential State witnesses. At that point, Petitioner decided to pursue a plea agreement.

Despite expressing the desire for a plea agreement, Petitioner explained that he felt pushed into pleading guilty because the State announced that it intended to charge Petitioner with being a felon in possession of a firearm in addition to the attempted first degree murder and aggravated assault charges that were already pending. Petitioner admitted that trial counsel showed him a "scale" of potential punishment but maintained that the only information he recalled was the eight to thirty years that the State's attorney wrote on the plea form. Petitioner testified that he pled guilty to other offenses on at least two prior occasions.

The post-conviction court entered an order denying the petition for post-conviction relief. The post-conviction court determined that Petitioner failed to prove by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was unknowing or involuntary. The post-conviction court specifically noted that trial counsel: (1) adequately discussed defenses prior to the plea; (2) explained Petitioner's rights; (3) explained the range of punishment and consequences of pleading guilty; (4) was aware of the proof that would have been presented at trial; and (5) properly determined that a mental evaluation was unnecessary. Petitioner appeals.

*Analysis*

On appeal, Petitioner insists that the post-conviction court erred in not finding counsel ineffective for failing to adequately advise Petitioner about the elements of the offenses and the potential range of punishment. Additionally, Petitioner complains that his plea was not knowing or voluntary because it was procured out of fear that he would serve thirty years in incarceration if he did not plead guilty. The State disagrees.

*I. Standard of Review*

In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, this Court gives deference to the trial court's decision on questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the

evidence. *Momon*, 18 S.W.3d at 156 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This court will not reweigh or reevaluate the evidence presented below and is bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's conclusions of law and application of the law to the facts are subject to de novo review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

## *II. Ineffective Assistance of Counsel*

Petitioner alleges that he received ineffective assistance of counsel. Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. The test for ineffective assistance of counsel is a two-prong test: a petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Because a petitioner must establish both prongs . . . to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

The test for deficient performance is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance is considered reasonable "if the advice given or the services rendered [were] within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). To be considered deficient, counsel's acts or omissions must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. However, this Court will not use hindsight to second guess counsel's tactical decisions unless the choices were uninformed because of inadequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

The post-conviction court, in its order denying the petition, found that Petitioner failed to prove by clear and convincing evidence that trial counsel's performance was deficient. Petitioner's brief on appeal makes a blanket claim of ineffective assistance of counsel but fails to include the specific shortcomings of trial counsel with citations to the record to support his argument that trial counsel was deficient. The post-conviction court found that trial counsel met with Petitioner several times to discuss the case, negotiated a settlement with the State, explained the range of punishment to Petitioner, and provided copies of relevant statutes to Petitioner. While trial counsel acknowledged that the plea petition stated the possible maximum punishment was thirty years, trial counsel explained to Petitioner that

this sentence would only apply to career offenders. The post-conviction court concluded that trial counsel was a credible witness. Questions concerning the credibility of witnesses and the weight to be given to their testimony are matters for the post-conviction court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Nothing in the record preponderates against the post-conviction court's findings.

### III.  Voluntariness of Plea

Petitioner also contends that his guilty plea was entered unknowingly and involuntarily. Petitioner asserts that, had he not thought that he was facing a thirty-year sentence, he would have made a different decision. The State asserts that the record shows that Petitioner knowingly, voluntarily, and understandingly pleaded guilty. We agree.

When reviewing a guilty plea, the primary question is whether it was entered knowingly, voluntarily, and understandingly. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43). Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of his mental facilities" at the time it is entered. *Id*. (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

To determine whether a plea has been made knowingly, voluntarily, and understandingly, a court must look at the totality of the circumstances, including such factors as:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904). "If the accused is to make a 'voluntary and intelligent choice among the alternative courses of action' available to him, counsel must advise the accused, among other things, of the choices that are available to him as well as the probable outcome of these choices." *Parham v. State*, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994). Moreover, "[t]he entry of a plea of guilty to avoid a . . . risk [of] greater punishment does not, standing alone, make the plea involuntary." *Id*. at 381(citing *Capri Adult Cinema v. State*, 537 S.W.2d 896, 898

(Tenn. 1976) (other citations omitted)); *see also Brady v. United States*, 397 U.S. 742, 748-50 (1970); *Hicks v. State*, 983 S.W.2d 240, 248 (Tenn. Crim. App. 1998).

The post-conviction court found that Petitioner was not entitled to relief on the basis that his plea was entered unknowingly or involuntarily. The court accredited the testimony of trial counsel. As stated above, a post-conviction court's factual findings are given a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. We have found nothing in the record to preponderate against the post-conviction court's findings. Petitioner has failed to prove that trial counsel did not discuss the plea with Petitioner prior to its entry.

The transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. The trial court thoroughly questioned Petitioner to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea. The post-conviction court denied relief because Petitioner did not meet his burden to prove by clear and convincing evidence that his plea was not knowingly and voluntarily entered. Nothing in the record preponderates against the post-conviction court's findings.

*Conclusion*

Upon thorough review of the record, we determine that Petitioner has failed to prove by clear and convincing evidence either that he received ineffective assistance of counsel or that his guilty plea was entered unknowingly or involuntarily. We, therefore, affirm the decision of the post-conviction court.

_____
TIMOTHY L. EASTER